**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| YING LI, | No.    18-71322 |
| Petitioner, | Agency No. A205-742-097 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 5, 2020**
Honolulu, Hawaii

Before:  FARRIS, McKEOWN, and BADE, Circuit Judges.

Ying Li ("Li"), a native and citizen of China, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing her appeal of an

immigration judge's ("IJ") denial of asylum, withholding of removal, and

protection under the Convention Against Torture ("CAT").  Li argues that the IJ's

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

adverse credibility determination, as affirmed by the BIA, is not supported by substantial evidence. "We review 'denials of asylum, withholding of removal, and CAT relief for substantial evidence and will uphold a denial supported by reasonable, substantial, and probative evidence on the record considered as a whole.'" *Huang v. Holder*, 744 F.3d 1149, 1152 (9th Cir. 2014) (quoting *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014)). We review adverse credibility determinations for substantial evidence. *Garcia v. Holder*, 749 F.3d 785, 789 (9th Cir. 2014). We have jurisdiction under 8 U.S.C. § 1252, s*ee Huang*, 744 F.3d at 1152, and we deny the petition.

I.

Substantial evidence supports the agency's adverse credibility determination. "Under the REAL ID Act, which applies here, there is no presumption that an applicant for relief is credible, and the IJ is authorized to base an adverse credibility determination on the totality of the circumstances and all relevant factors." *Manes v. Sessions*, 875 F.3d 1261, 1263 (9th Cir. 2017) (citations and internal quotation marks omitted). Although adverse credibility determinations need not be based on inconsistencies that "go 'to the heart of [petitioner's] claim,'" *Shrestha v. Holder*, 590 F.3d 1034, 1046 (9th Cir. 2010) (quoting *Malkandi v. Holder*, 576 F.3d 906, 918 (9th Cir. 2009)), an inconsistency supporting an adverse credibility determination "should not be a mere trivial error

2

such as a misspelling." *Id.* at 1044 (citing *Hassan v. Holder,* 571 F.3d 631, 637 (7th Cir. 2009)).

Li argues that the IJ's adverse credibility determination erroneously relied on inconsistencies between her testimony and a hospital discharge summary regarding the number of her pregnancies and her abortion history. Li testified she had been pregnant twice. The first pregnancy resulted in a forced abortion in China, and the other resulted in the premature birth of her daughter in the United States. In contrast, the hospital discharge summary reported that Li had been pregnant four times, which resulted in one preterm birth and three elective abortions. Li claimed that she was eligible for asylum, withholding of removal, and CAT relief because she was forced to have an abortion under China's one-child policy. Therefore, these inconsistencies between her testimony and the hospital discharge summary were not trivial.

Furthermore, the BIA properly determined that the government's inability to explain how it obtained the discharge summary did not undermine its probative value. Even though a document "lacks certain indicia of reliability," an IJ's use of it to support an adverse credibility determination is not necessarily reversible error "under [the court's] 'extremely deferential' review." *Angov v. Lynch*, 788 F.3d 893, 902 (9th Cir. 2015) (quoting *Wang v. INS*, 352 F.3d 1250, 1257 (9th Cir. 2003)). Li acknowledged that she was interviewed by hospital staff when her

daughter received medical care and that other information in the discharge summary is correct. Thus, the discharge summary's unknown provenance does not undermine its probative value because it has other indicia of reliability. *See Angov,* 788 F.3d at 909. The IJ did not err by relying on the hospital discharge summary to find that Li was not credible.

Li also argues that the IJ erred by relying on inconsistencies between her testimony and information in her Chinese household register and by failing to give her an opportunity to explain a discrepancy pertaining to whether the household register was sent to Li or her attorney. Li is correct that any purported discrepancy was too trivial to support an adverse credibility determination, *see Shrestha*, 590 F.3d at 1043–44, and that the agency failed to provide Li with a "reasonable opportunity" to explain the perceived inconsistency regarding the provenance of the household register, *see Campos-Sanchez v. INS*, 164 F.3d 448, 450 (9th Cir. 1999). Nevertheless, the major inconsistency between Li's testimony and the information reported in the discharge summary constitutes substantial evidence in support of the agency's adverse credibility determination. Such an inconsistency goes to the "heart of [Li's] claim" for asylum and is consequently "of great weight." *Shrestha*, 590 F.3d at 1046–47. We affirm the agency's adverse credibility determination.

II.

4

Absent credible testimony, Li failed to establish eligibility for asylum or withholding of removal. The IJ and BIA found that Li's evidence was insufficiently probative to support her claims. These findings are supported by substantial evidence. *See Garcia-Milian*, 755 F.3d at 1031 ("The agency's 'findings of fact are conclusive' unless 'any reasonable adjudicator' would be compelled to conclude to the contrary.'") (quoting *Kamalyan v. Holder*, 620 F.3d 1054, 1057 (9th Cir. 2010); 8 U.S.C. § 1252(b)(4)(B)). Therefore, the agency properly denied Li's petition for relief under asylum and withholding of removal.

III.

Li's argument that she is entitled to relief under CAT is based solely on her assertion that she "was forced to undergo an abortion, harm that [she] contends is tantamount to torture." Li's claim to CAT relief relies on testimony that the agency determined was not credible. *See Jiang v. Holder*, 754 F.3d 733, 740 (9th Cir. 2014) ("Although an adverse credibility finding does not necessarily preclude [CAT] relief, a claim for relief under CAT may still be rejected when the petitioner fails to provide evidence beyond those statements that the IJ determined were not credible."). The remaining documentary evidence in the record is insufficient to compel the conclusion that Li herself would likely be tortured if returned. *See id.* (citing *Almaghzar v. Gonzales*, 457 F.3d 915, 922–23 (9th Cir. 2006)). Therefore, Li's claim to CAT protection was properly denied.

5

**PETITION FOR REVIEW DENIED.**